UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HAI KIM NGUYEN, | : | |
| Petitioner, | : | Civil Action No. 13-6845 (MAS) |
| v. | : | **MEMORANDUM OPINION** |
| JOHN JAY HOFFMAN, et al., | : | |
| Respondents. | : | |

This matter has come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Hai Kim Nguyen, for relief under 28 U.S.C. § 2254. The Court denied the Petition on the merits, but granted a limited certificate of appealability. (Order, Nov. 19, 2015, ECF No. 16.) Petitioner appealed the Court's judgment, and the Third Circuit affirmed. (Mandate, Dec. 12, 2016, ECF No. 23.) Presently before the Court is Petitioner's motion to vacate pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 20.)

A motion for relief from judgment under Rule 60(b), which seeks to advance one or more substantive claims following denial of a habeas petition, is properly classified as a "second or successive habeas petition" under 28 U.S.C. § 2244(b). *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005); *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011). Petitioner's motion seeks to revive the ineffective assistance of counsel claim raised in the original Petition, (*Compare* Pet. 5, ECF No. 1, *with* Pet'r's Mot. Br. 7, ECF No. 20-1), and therefore is properly classified as a second or successive petition.

Furthermore, under the habeas statutes, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed," and "[a] claim presented in a second or successive habeas corpus application under

section 2254 that was not presented in a prior application shall be dismissed" if, in essence, such claim could have been presented in the prior petition but was not. 28 U.S.C. § 2244(b); *see Foster v. Chatman*, 136 S. Ct. 1737, 1759 (2016) (Alito, J., concurring in judgment). Here, the gist of Petitioner's argument is that Respondents intentionally withheld vital state records from this Court. Yet, despite having almost six months between when the full record was submitted to the Court and the Court's final decision, Petitioner did not raise this claim, nor did he raise it on appeal. Indeed, if there were missing state records not submitted to this Court, Petitioner was free to submit them himself for the Court's consideration. As such, Petitioner could have presented the current claim in his initial Petition, but did not.

Nevertheless, even if the Court finds that Petitioner's claim could not have been presented in the previous Petition, the Court does not have jurisdiction over the claim. A second or successive petition could only be presented to this Court if Petitioner sought, and was granted, permission from the Third Circuit. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he sought and received such permission from the Third Circuit. Accordingly, the Motion is denied.

Date: 2/16/17

_____
Michael A. Shipp
United States District Judge